


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>*Plaintiff,*<br><br>vs.<br><br>GREENGRIDS LLC, and LAUNEY WRAY PULLIAM,<br><br>*Defendants*. | **24-cv-4150**<br>**District Judge: Manish S. Shah**<br>**Magistrate Judge: Beth W. Jantz**<br>**Random/Category 2**<br><br>Case No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Jorge Alejandro Rojas, brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, against Defendants Greengrids LLC ("GreenGrids"), Launey Wray Pulliam ("Pulliam"), and alleges based on personal knowledge and information and belief:

### INTRODUCTION

1. "When it comes to robocalls, you can only call those who, like Blondie, have said, 'Call me. Call me on the line.' If you call people who haven't opted in, then you face liability under the Telephone Consumer Protection Act." *Perrong v. Bradford*, 2024 WL 2133801, at *1 (E.D. Pa. May 13, 2024).

2. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3. Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. § 227.

1

4. This case involves a campaign by Defendants which placed illegal, automated calls, concerning the sale of solar panels or energy services for home residents.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over Defendant. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resided within this district when the calls were made. The calls were made for services being provided by Defendant within this district.

7. Defendants contacted Plaintiff specifically concerning the sale of services in Illinois, and within this District.

8. Defendants are located within Illinois – having an address in Shorewood, Illinois, and being incorporated in Illinois.

9. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

10. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

11. Defendant Greengrids LLC ("GreenGrids") is an Illinois entity, with a principal address of 21403 SOMERSET ST SHOREWOOD, IL 60404 and registered agent of Launey Wray Pulliam located at the same.

12. Defendant Launey Wray Pulliam ("Pulliam") is a Manager of GreenGrids and is located at the same address.

13. Defendants are each a person as defined by 47 U.S.C. § 153(39).

14. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

15. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

16. The TCPA provides a private cause of action to persons who receive such automated or -pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

17. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

18. A listing on the Registry "must be honored indefinitely, or until the registration is canceled by the consumer or the telephone number is removed by the database administrator." *Id.*

19. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers whose numbers are on the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R § 64.1200(c)(2).

20. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

    [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

    I*n the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

21. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

22. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be

individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

23. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

24. Individual party Defendants in this case directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

## ALLEGATIONS

25. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.

26. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

27. Plaintiff is the account holder and customary user of his phone number.

28. Plaintiff was within this district when he received the telephone calls.

29. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

30. Plaintiff registered his phone number on the Do Not Call list to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

31. **Call 1.** On or about March 26, 2024, at 7:58 PM Chicago time, Plaintiff received a telephone call from Defendant, or an agent acting on their behalf, from telephone number 217-901-0354.

32. After answering the phone, Plaintiff had to state a greeting several times, prior to being connected to a female, who said her name was "Kay," who was soliciting home energy solutions including solar.

33. Kay would not provide a name or website of the entity calling.

34. Kay scheduled a solar appointment for Plaintiff for Saturday, March 30th, at 1pm.

35. On or about March 30, 2024, Michael Schmeltzer, VP of Sales for Defendant GreenGrids, arrived at Plaintiff's home, to solicit the sale of solar services.

36. GreenGrids sells services on behalf of SunPower Corporation.

37. Plaintiff received at least two emails from SunPower while Schmeltzer was at Plaintiff's home, and the business card Schmeltzer provided had SunPower's name listed on one side of the card.
38. **Call 2.** On or about April 4, 2024, at 5:26 PM Chicago time, Plaintiff received a telephone call from Defendant, or an agent acting on their behalf, from telephone number 217-212-1241.
39. When Plaintiff answered the call, and stating a greeting several times, he heard a song like pre-recording play, prior to being connected to a male who scheduled an appointment for a solar appointment for the next day. During the call, the representative stated that they have not talked to Plaintiff in the past. Plaintiff inquired if the caller was using an autodialer and the person calling stated in sum and substance that it was an "automated generated dialer."
40. On the date of the appointment at the time set, Schmeltzer arrived at Plaintiff's home.
41. Schmeltzer called Plaintiff and stated that it wasn't the first time that he is double scheduled for the same home – and stated in sum and substance that Sun Power, and GreenGrids, have separate call centers, and sometimes call the same person.
42. The actions alleged in this complaint were made knowingly and/or willfully.
43. Plaintiff has never consented to calls from Defendants.
44. The first home visit did not create consent for an ATDS, or pre-recorded call made in Call 2.
45. Defendants may have hired the services of a lead generator who made the telephone calls and then forwarded the information to Defendants. The calls placed were made for the benefit of Defendants.
46. Defendant Pulliam, as an officer of the company, directed, oversaw, and controlled the telemarketing conduct alleged in this complaint. This may have included for example selecting the dialing platforms to be used, overseeing any marketing campaigns which included creating the pre-recorded message, and actually authorizing the dialing.
47. Plaintiff alleges the telephone calls were made by an Automatic Telephone Dialing System ("ATDS").
48. Plaintiff has never provided his consent to be called to Defendants.
49. The conduct alleged in this action was made willful and knowingly.
50. Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.
51. Defendants did not have any consent to call Plaintiff.

52. Defendants are not an organization exempt from the TCPA.
53. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.
54. The impersonal and generic nature of Defendants' calls shows that Defendants utilized an Automatic Telephone Dialing System (ATDS) in making the call.
55. The song like tone and longer than natural pauses prior to being greeted on the telephone demonstrate that the Defendants were utilizing an ATDS.
56. During at least one of the calls the Defendants admitted to the use of an ATDS.
57. Defendants would not provide information about who they were in order to evade liability under the TCPA. Plaintiff would not have known that the calls were being made by SunPower or GreenGrids or the other defendants in this case were it not for the in person visit.
58. In total, Defendants' and/or their affiliates placed at least two (2) automated calls to Plaintiff.
59. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, and a sense that his privacy has been invaded by Defendants.
60. The foregoing acts and omissions were in violation of the TCPA.
61. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.
62. Defendants have any information concerning any entities they engage with to perform telemarketing services on their behalf in their custody and/or control.
63. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).
64. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).
65. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.
66. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

67. Plaintiff is also entitled to an award of costs.

68. Defendants' calls were not made for "emergency purposes."

69. Defendants' calls to Plaintiff were made without any prior express written consent.

70. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

71. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

72. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

73. Plaintiff, in discovery will identify additional telephone calls made by Defendants and or their agents or affiliates, and requests leave to amend the complaint after identifying.

74. Defendants hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.

75. For the counts identified below, Defendants are directly liable as the party that caused the unlawful calls to be placed.

76. Plaintiff requests a jury trial on all issues so triable.

## COUNT 1.

Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

77. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.

78. Defendants or one of their affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least two (2) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

79. Plaintiff was statutorily damaged at least two (2) occasions under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

80. Plaintiff was further statutorily damaged because Defendants' willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $3,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.

Violations concerning TCPA implementing regulations, including Do Not Call Registry, 47 C.F.R. § 64.1200

81. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

82. By placing at least two (2) telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, Defendants violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

83. This amounts to at least four (4) violations since Defendants committed two (2) violation per call. The first violation is calling a number on the national Do-Not-Call registry. 47 C.F.R. § 64.1200(c)(2). The second violation is failing to proper identify themselves pursuant to 47 C.F.R. § 64.1200(d)(4).

84. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on their behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

85. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on their behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.

86. The Defendants' violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5).

87. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $6,000.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and/or severally, in an amount to be more fully determined at trial, but at least $9,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);

D. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(c), and the TCPA's implementing regulations;

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5);

F. All reasonable witness fees, court costs, pre- and post-judgment interest, and other litigation costs incurred by Plaintiff;

G. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Any other relief this Court deems proper.

Respectfully submitted,

Dated: May 19, 2024 /s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582